EXHIBIT A - COMPLAINT FOR DAMAGES

State Court of Fulton County
\*\*\*EFILED\*\*\*
File & ServeXpress
Transaction ID: 66643603
Date: May 28 2021 04:39PM
Christopher G. Scott, Chief Clerk
Civil Division

In the State Court of Fulton County
State of Georgia

| | |
|---|---|
| **Marilyn York and Jerome York**, Plaintiffs, | ) ) ) |
| v. | ) Civil Action ) File No. _____ ) |
| **Publix Super Markets, Inc.**, Defendant. | ) ) **Jury Trial Demanded** ) |

## Complaint for Damages

Come Now, Marilyn York and Jerome York, Plaintiffs in the above-styled action and file this Complaint and Demand for Trial by Jury against Defendant Publix Super Markets, Inc. and allege as follows:

*Jurisdiction and Venue*

1. Plaintiffs are residents of Georgia. Plaintiffs are married to each other and living in the same household.

2. Defendant Publix Super Markets, Inc. ("Publix" or "Defendant") is a foreign corporation registered to do business in Georgia and subject to the jurisdiction of this court. Publix may be served through its registered agent for service, Corporate Creations Network Inc., 2985 Gordy Parkway, 1st Floor, Marietta, Georgia 30066.

3. Venue is proper in Fulton County because Defendant Publix operates a Publix Super Market at Alpharetta Commons, 4305 State Bridge Road, Alpharetta, Fulton County, Georgia 30022 (the "Premises").

*Facts Common to Each Count*

4. On September 2, 2019 around 9:45 am, Plaintiffs were at the Premises and were invitees of Publix.

5. Publix displayed flowers for sale near the produce section in a stand alone floral display (the "Floral Display").

Copy from re:SearchGA

6. The lower stems of the flowers in the floral display sat in containers of water.
7. Around the Floral Display, there were no anti-slip mats to absorb water and prevent customers from slipping on the floor from water dripping from customers removing flowers from the Floral Display.
8. While shopping, Plaintiff Marilyn York walked to the Floral Display.
9. Next to the Floral Display, Plaintiff Marilyn York slipped on water.
10. Plaintiff Marilyn York did not see the water on the floor prior to slipping and falling.
11. An employee of the Publix was in the area of the hazard and could easily have discovered and removed the water in the exercise of due diligence.
12. Employees of Publix could have mitigated the risk of a fall by placing anti-slip mats on the floor around the Floral Display.
13. As a result of the fall, Plaintiff Marilyn York sustained serious bodily injury including but not limited to damage to her dominant left hand, left wrist, left arm, and left shoulder. Plaintiff Marilyn York's injuries resulting from the fall required her to undergo major medical treatment and procedures including but not limited to orthopedic surgeries and physical therapy. Some of Plaintiff Marilyn York's injuries caused by the fall are permanent.

*Count I - Negligence*

14. Publix had a duty to keep the floor of the Premises clear of water and safe for invitees such as Plaintiff Marilyn York.
15. Publix had a duty to place anti-slip mats on the floor surrounding the Floral Display to mitigate the risk of customers slipping and falling on water that dripped from the flowers removed from the display for purchase.
16. The water on the floor was a hazardous and defective condition that posed a hazard to invitees such as Plaintiff Marilyn York.
17. Employees of the Defendant were around the area where the hazardous foreign substance was located and, had it conducted reasonable inspection procedures,

Copy from re:SearchGA

could have discovered and removed the hazard prior to Plaintiff's fall.

18. Publix had actual notice of the hazardous and defective condition.
19. The water existed for a sufficient period of time to give Publix constructive notice of its existence.
20. A reasonable inspection of the Premises would have revealed the existence of the water on the floor.
21. Plaintiff Marilyn York lacked knowledge of the hazardous and defective condition.
22. Publix's knowledge of the defective condition was superior to Plaintiff Marilyn York's knowledge or lack of knowledge of such hazardous and defective condition.
23. Publix was negligent for failing to inspect and maintain the Premises and were negligent for allowing a hazardous and defective condition such as the foreign substance to exist on the Premises.
24. Publix was negligent for failing to remove the water.
25. Publix's negligence is the cause-in-fact of Plaintiff Marilyn York's injuries and damages.
26. Publix's negligence is the proximate cause of Plaintiff Marilyn York's injuries and damages.
27. As the direct and proximate result of the negligent acts and omissions to act by Defendant, Plaintiff Marilyn York suffered injuries and damages, including past and future medical expenses and past and future mental and physical pain and suffering.

*Count II - Negligent Hiring, Training & Supervision By Publix*

28. Publix was negligent in hiring employees that failed to place anti-slip mats on the floor near the Floral Display.
29. Publix was negligent in failing to properly train the employees that failed to place anti-slip mats on the floor near the Floral Display.
30. Publix was negligent in failing to properly supervise the employees that failed to

3

Copy from re:SearchGA

place anti-slip mats on the floor near the Floral display.

31. Publix's negligence in hiring these employees and failing to train and supervise these employees properly was the proximate cause of Ms. York's fall and her resulting injuries.

*Count III - Loss of Consortium*

32. Plaintiff Jerome York and Plaintiff Marilyn York were married on November 20, 1993 at Hopewell Baptist Church in Norcross, Georgia.
33. Publix negligence as described in Counts I and II was the direct and proximate cause of Plaintiff's Jerome York loss of his spouse Plaintiff Marilyn York's duties of society, companionship, love, affection, aid, services, cooperation, sexual relations, and comfort and consortium from September 2, 2019 to the date of this Complaint, causing Plaintiff Jerome York great suffering from loneliness and grief.
34. Plaintiff Jerome York's loss of his spouse Plaintiff Marilyn York's duties of society, companionship, love, affection, aid, services, cooperation, sexual relations, and comfort and consortium is continuing as of the date of this Complaint and will continue permanently into the future.

*Count IV - Claim for Expenses of Litigation Pursuant to O.C.G.A. § 13-6-11*

35. Plaintiff Marilyn York provided to Publix a written demand letter for settlement of her claim for damages under Count 1 of this Complaint originally on December 8, 2020, including supporting documentation of her injuries, treatment, and special damages in the form of medical provider bills and records together with detailed discussion of her pain and suffering from her injuries.
36. Publix, through its agents, responded by letter dated December 30, 2020, requesting additional information relating to the claim and supporting medical

4

Copy from re:SearchGA

record documentation.

37. Plaintiff Marilyn York, through her attorneys, responded to Defendant Publix's December 20, 2020 request on January 18, 2021, by providing updated medical billing records.

38. Publix thereafter requested Plaintiff Marilyn York agree to presuit mediation session in an effort to resolve the claim. The mediation was scheduled and occurred on March 31, 2021. At the mediation, Publix, represented by counsel who stated clearly that she would not represent Publix with respect to any subsequent litigation, disclosed to Plaintiff Marilyn York that Publix had reviewed the video surveillance of her fall prior to the mediation.

39. Publix refused to provide access to the video surveillance, and stated that the video surveillance evidence, because it may or may not indicate that Defendant Publix could be liable for her claim under Count I of this Complaint, constituted a basis for reducing the value of her claim for settlement purposes.

40. Publix did not provide any offer to settle at the March 31, 2021 mediation, and instead requested copies of medical bills Ms. York had already provided to further evaluate the claim.

41. On April 1, 2021, Plaintiff Marilyn York, through her attorneys, provided complete medical billing records in response to Publix's request for clarification and complete billing records for her treatment with her orthopedic medical provider. Plaintiff Marilyn York, through her attorneys, also clearly stated a desire to reach a reasonable resolution to the claim without litigation, and requested that Defendant Publix provide at least one initial offer to settle the claim in response to her original demand.

42. Publix did not respond to Plaintiff Marilyn York's submission of additional records and explanation on April 1, 2021. Publix also did not offer to settle Plaintiff Marilyn York's claim up to the date this Complaint was filed.

WHEREFORE, Plaintiffs pray for judgment against Publix as follows:

Copy from re:SearchGA

1. That Plaintiff Marilyn York recovers the full value of her past and future medical expenses in an amount not less than $190,000.00, in a final amount to be proven at trial;

2. That Plaintiff Marilyn York recovers for physical pain and suffering, loss of enjoyment of life, and emotional distress in an amount not less than $2,000,000.00, to be determined by the enlightened conscience of a jury;

3. That Plaintiff Jerome York recovers for physical pain and suffering, loss of enjoyment of life, and emotional distress in an amount not less than $500,000.00, to be determined by the enlightened conscience of a jury;

4. That Plaintiffs recover reasonable attorneys' fees and expenses of litigation generally as provided under O.C.G.A. § 13-6-11, as recovery for Defendant Publix's acts pleaded under Count IV of this Complaint, as well as for any statutory penalties allowed by law;

5. That Plaintiffs recover such other and further relief as is just and proper;

6. That all issues be tried before a jury; and

7. That Publix be served with summons, process and a copy of this Complaint as provided by law.

Copy from re:SearchGA

Respectfully submitted this 28th day of May, 2021.

**Yates & Wheland**

/s/ C. Allen Yates

C. Allen Yates - Bar No. 979656
John T. Dixon - Bar No. 223374
412 Georgia Avenue Suite 102
Chattanooga, TN 37403
423.888.3030 (main office)
ay@lawyeratl.com
jd@lawyeratl.com

7

Copy from re:SearchGA

EXHIBIT B - SUMMONS FOR PUBLIX SUPER MARKETS, INC.

| GEORGIA, FULTON COUNTY | DO NOT WRITE IN THIS SPACE |
|---|---|
| STATE COURT OF FULTON COUNTY<br>Civil Division | CIVIL ACTION FILE #: 21EV003296 |

State Court of Fulton County
***EFILED***
File & ServeXpress
Transaction ID: 66778933
Case Number: 21EV003296
Date: Jul 19 2021 04:29PM
Christopher G. Scott, Chief Clerk
Civil Division

Marilyn York and Jerome York
10890 Indian Village Drive
Johns Creek    GA    30022

Plaintiff's Name, Address, City, State, Zip Code

vs.

Publix Super Markets, Inc. c/o Registered Agent
Corp. Creations Network Inc., 2985 Gordy Pkwy, 1st Fl.
Marietta    GA    30066

Defendant's Name, Address, City, State, Zip Code

| TYPE OF SUIT | AMOUNT OF SUIT |
|---|---|
| [ ] ACCOUNT | PRINCIPAL $ not less than 2,000,000.00 |
| [ ] CONTRACT | |
| [ ] NOTE | INTEREST $_____ |
| [ ] TORT | |
| [X] PERSONAL INJURY | ATTY. FEES $_____ |
| [ ] FOREIGN JUDGMENT | |
| [ ] TROVER | COURT COST $ _____ |
| [ ] SPECIAL LIEN | |
| | ************ |
| [ ] NEW FILING | |
| [ ] RE-FILING: PREVIOUS CASE NO. _____ | |

## SUMMONS

TO THE ABOVE NAMED-DEFENDANT:

You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:

Name: Yates & Wheland
Address: 412 Georgia Avenue, Suite 102
City, State, Zip Code: Chattanooga, TN 37403    Phone No.: 423.888.3030

An answer to this complaint, which is herewith served upon you, must be filed within thirty (30) days after service, not counting the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action. **DEFENSES MAY BE MADE & JURY TRIAL DEMANDED**, via electronic filing or, if desired, at the e-filing public access terminal in the Self-Help Center at 185 Central Ave., S.W., Ground Floor, Room TG300, Atlanta, GA 30303.

Christopher G. Scott, Chief Clerk (electronic signature)

_____

***SERVICE INFORMATION:***
Served, this _____ day of _____, 20_____.    _____
DEPUTY MARSHAL, STATE COURT OF FULTON COUNTY

WRITE VERDICT HERE:
We, the jury, find for _____

_____

This _____ day of _____, 20_____.    _____ Foreperson

(STAPLE TO FRONT OF COMPLAINT)

Copy from re:SearchGA

EXHIBIT C - EXECUTED AFFIDAVIT OF SERVICE

Case 1:21-cv-03515-SDG   Document 1-1   Filed 08/25/21   Page 12 of 17

State Court of Fulton County
**E-FILED**
21EV003296
7/29/2021 10:50 AM
Christopher G. Scott, Clerk
Civil Division

# AFFIDAVIT OF SERVICE

State of Georgia | County of Fulton | State Court

Case Number: 21EV003296

**Plaintiff: Marilyn York and Jerome York**
vs.
**Defendant: Publix Super Markets, Inc.**

For:
C. Allen Yates
Yates Law Group
1100 Peachtree Street E
Suite 690
Atlanta, GA 30309

Received by Ancillary Legal Corporation on the 26th day of July, 2021 at 11:15 am to be served on **Publix Supermarkets, Inc. c/o Registered Agent: Corp Creations Network, Inc., registered agent, 2985 Gordy Parkway, Marietta, Marietta, GA 30066**.

I, William Collier, being duly sworn, depose and say that on the **26th day of July, 2021** at **1:02 pm, I:**

served **Publix Supermarkets, Inc. c/o Registered Agent: Corp Creations Network, Inc., registered agent** by delivering a true copy of the **Summons, Complaint for Damages** to: Corp Creations Network, Inc. as **Registered Agent, BY LEAVING THE SAME WITH** Dale Stepancik as **Authorized to Accept** at the address of: **2985 Gordy Parkway, Marietta, GA 30066**.

**Additional Information pertaining to this Service:**
7/26/2021  1:05 pm  Perfected corporate service at 2985 Gordy Parkway, Marietta, GA 30066. Served to supervisor Dale Stepancik who is a white male, approximately 55 years old, approximately 5'9" tall and weighing approximately 145 lbs. He is balding and was not wearing glasses.

**Description** of Person Served: Age: 55, Sex: M, Race/Skin Color: White, Height: 5'9", Weight: 145, Hair: Balding, Glasses: N

I am an agent of Ancillary Legal Corporation and am competent in all respects to testify regarding the matters set forth herein. I have personal knowledge of the facts stated herein and know them to be true. I have no interest in the outcome of this action and am not related to any of the parties. I am 18 or more years of age and am authorized to serve process.

**William Collier**
Process Server

Subscribed and Sworn to before me on the 26th day of July, 2021 by the affiant who is personally known to me.

NOTARY PUBLIC



**Ancillary Legal Corporation**
2900 Chamblee Tucker Road
Building 13
Atlanta, GA 30341
(404) 459-8006

Our Job Serial Number: ANC-2021008243
Ref: York

Copyright © 1992-2021 Database Services, Inc. - Process Server's Toolbox V8.2c

EXHIBIT D - NOTICE OF REMOVAL

# IN THE STATE COURT OF FULTON COUNTY
# STATE OF GEORGIA

| | |
|---|---|
| MARILYN YORK and JEROME YORK,<br><br>Plaintiffs,<br><br>v.<br><br>PUBLIX SUPER MARKETS, INC.,<br><br>Defendant. | Civil Action File No.<br>21EV003296 |

### DEFENDANT PUBLIX SUPER MARKETS, INC.'S NOTICE OF REMOVAL
_____

**PLEASE TAKE NOTICE**, Defendant Publix Super Markets, Inc., by and through the undersigned legal counsel, has filed a Petition for Removal in the office of the clerk of the United States District Court, Northern District, Atlanta Division. A copy of the Petition for Removal is attached hereto as Exhibit A. By virtue of law, the aforesaid case is now removed and all further proceedings in the State Court of Fulton County are stayed.

Respectfully submitted this 25th day of August, 2021.

[*Signature on the following page.*]

**COPELAND STAIR KINGMA & LOVELL, LLP**

*/s/ Charles M. McDaniel, Jr.*
CHARLES M. MCDANIEL, JR.
Georgia State Bar No. 487905
BRODERICK W. HARRELL
Georgia State Bar No. 101104
ALEXANDER D. PERWICH III
Georgia State Bar No. 622240
*Counsel for Defendant Publix Super Markets, Inc.*

One Ninety One Peachtree Tower
191 Peachtree Street Northeast
Suite 3600
Atlanta, Georgia 30303
p: (404) 522-8220
f: (404) 523-2345
cmcdaniel@cskl.law
bharrell@cskl.law
aperwich@cskl.law

# CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the within **DEFENDANT PUBLIX SUPER MARKETS, INC.'S NOTICE OF REMOVAL** upon all counsel of record via the Court's designated e-filing system and/or by statutorily accepted electronic service, addressed to the following:

C. Allen Yates
John T. Dixon
YATES & WHELAND
412 Georgia Avenue, Suite 102
Chattanooga, Tennessee 37403
ay@lawyeratl.com
dj@lawyeratl.com

This 25th day of August, 2021.

**COPELAND STAIR KINGMA & LOVELL, LLP**

*/s/ Charles M. McDaniel, Jr.*
CHARLES M. MCDANIEL, JR.
Georgia State Bar No. 487905
BRODERICK W. HARRELL
Georgia State Bar No. 101104
ALEXANDER D. PERWICH III
Georgia State Bar No. 622240
*Counsel for Defendant Publix Super Markets, Inc.*

One Ninety One Peachtree Tower
191 Peachtree Street Northeast
Suite 3600
Atlanta, Georgia 30303
p: (404) 522-8220
f: (404) 523-2345
cmcdaniel@cskl.law
bharrell@cskl.law
aperwich@cskl.law